United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alberto Garcia, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22879-Civ-Scola |
| | ) |
| Kiolo Kijakazi, *Commissioner of Social Security*, Defendant. | ) |

### Order Adopting Magistrate's Report and Recommendations

This matter was referred to United States Magistrate Judge Jonathan Goodwin for a ruling on all pre-trial, non-dispositive matters, and for a report and recommendation on any dispositive matters. Judge Goodwin issued a report, recommending that the Court deny Plaintiff Alberto Garcia's motion for summary judgment (ECF No. 12), grant Defendant Kiolo Kijakazi, Commissioner of the Social Security Administration's motion for summary judgment (ECF No. 13), and affirm the administrative law judge's unfavorable decision. (Rep. & Rec., ECF No. 18.) Garcia filed objections (ECF No. 19), to which the Commissioner responded (ECF No. 20). After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Goodman's report and recommendation (**ECF No. 18**), **denies** Garcia's motion for summary judgment (**ECF No. 12**) and **grants** the Commissioner's motion for summary judgment (**ECF No. 13**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)) (cleaned up). The objections must also present "supporting legal authority." L.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

Garcia presents two objections to Judge Goodman's recommendations. First, Garcia argues that Judge Goodman's report incorrectly found that the administrative law judge ("ALJ") had substantial supporting evidence for his decision to reject the opinion of Dr. Xenia Aponte, Garcia's treating psychiatrist. (Obj. to Rep. & Rec., at 1-2, ECF No. 18.) Second, Garcia asserts that the ALJ

failed to consider Garcia's mental health limitations in his determination of Garcia's residual functional capacity ("RFC," an assessment used as part of the five-step review process prescribed by 20 C.F.R. §§ 416.920(a) and 404.1520). The Court therefore reviews those two portions of Judge Goodman's report and recommendations de novo, and the remainder of the report and recommendations for clear error. *Macort*, 208 F. App'x at 783-84. Regardless of the standard the Court must apply, the Court finds the entirety of Judge Goodman's analysis to be cogent, compelling, and correct.

In reviewing an ALJ's decision on a disability claim, "the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports her findings of fact." (Rep. & Rec. at 5 (citing *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984)).) Substantial evidence does not have to rise to a preponderance of the evidence—it may be less, although it must be "more than a mere scintilla"—and if the ALJ's "decision is supported by substantial evidence, the Court **must** affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (emphasis added; citations omitted).

Garcia only challenges the ALJ's findings of fact with regards to Dr. Aponte's opinion and the determination of Garcia's RFC. As Judge Goodman correctly observes, both of the ALJ's findings were supported by substantial evidence.

First, the ALJ's decision finding Dr. Aponte's opinion to be inconsistent with Garcia's treatment notes is supported by Dr. Aponte's own treatment notes from her interactions with Garcia and Garcia's mental status exams. (Rep. & Rec. at 17-18; R. at 22-23.)[1] Further, as the report notes, the ALJ "adequately provided his reasons for Dr. Aponte's opinion to be not persuasive." (*Id.* at 18; R. at 22-23.) The Court therefore agrees with Judge Goodman that the ALJ's decision to discount Dr. Aponte's opinion is supported by substantial evidence.

Second, the ALJ's finding that Garcia had no severe impairments is not in error because, contrary to Garcia's assertions, the ALJ actually did consider Garcia's mental limitations in his RFC findings. (Rep. & Rec. at 24; R. at 19.) In fact, the ALJ expressly found that, although Garcia did have mental impairments, those impairments did not rise to the level of severity necessary to support Garcia's claim: "The claimant's medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform

---

[1] Citations to "R. at __" refer to the administrative record transcript. (ECF No. 8.)

basic mental work activities and are therefore nonsevere." (R. at 19.) Again, the ALJ's findings are clearly supported by substantial evidence.

Accordingly, the Court considers Judge Goodman's report and recommendation to be well-reasoned and thorough. Further, the Court has carefully reviewed Garcia's objections and concludes they are without merit. In sum, the administrative law judge's decision was supported by substantial evidence and applied the proper legal standards.

The Court, therefore, **affirms and adopts** the report and recommendation (**ECF No. 18**), **overruling** Garcia's objections (**ECF No. 19**), thus **granting** the Commissioner's motion for summary judgment (**ECF No. 13**), and **denying** Garcia's motion for summary judgment (**ECF No. 12**). Finally, the Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on February 8, 2023.

Robert N. Scola, Jr.
United States District Judge